UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Marcus Richard Thomas,<br><br>    Defendant | Case No.: 2:17-cr-00126-JAD-GWF<br><br>**Order Denying Motion to Reduce Sentence**<br><br>[ECF No. 49] |

Marcus Richard Thomas pled guilty to one count of possession of a stolen firearm, and I sentenced him to 110 months in custody followed by 3 years of supervised release.[1]  Thomas now moves for a reduction in his sentence based on Amendment 821, a recent change to the sentencing guidelines that authorizes the reduction of extra criminal-history points known as "status points."  Thomas's appointed attorney filed a notice explaining that he does not qualify for a sentence reduction because he did not receive any criminal-history status points and was not a zero-point offender at the time of sentencing.[2]  Because I find that Thomas is not eligible for a sentence reduction under Amendment 821, I deny his motion.

## Discussion

The Sentencing Commission submitted criminal-history amendments to Congress in May 2023, they took effect in November 2023, and courts have been applying them retroactively since February 2024.[3]  Thomas argues that he is entitled to a sentence reduction under the

---

[1] ECF No. 41.

[2] ECF No. 52.

[3] Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 60534, 60534 (Sept. 1, 2023).

change added to the guidelines as § 4A1.1, which reduces the impact of "status points" on a sentence. Status points are additional criminal-history points applied to a defendant who committed his crime of conviction while under another criminal-justice sentence. Because the Commission found that status points are less reliable indicators of rearrest, these changes allow courts to depend less on status points to determine criminal history.[4] A defendant with seven or more criminal-history points may receive a one-point reduction in his status points, while a defendant with six or fewer criminal-history points may have his status points eliminated for committing his offenses while under a criminal-justice sentence.[5] A court may reduce a defendant's sentence based on this amendment if his "term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission [under] 28 U.S.C. § 994(o) . . . after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[6]

Thomas contends that he is eligible for a sentence reduction based on this amendment.[7] But as his appointed counsel acknowledges in a subsequent filing, Thomas doesn't qualify for this reduction because he had no status points in the first place.[8] Thomas was sentenced with seven criminal-history points, but no status points were added to his score because he did not

---

[4] *See* U.S. Sent'g Comm'n, Revisiting Status Points (2022), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220628_Status.pdf.

[5] Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023).

[6] 18 U.S.C. § 3582(c)(2) (cleaned up).

[7] ECF No. 49.

[8] ECF No. 52.

commit his current offenses while under a criminal-justice sentence for a prior conviction.[9] It's impossible to reduce Thomas's status points under § 4A1.1 when he didn't receive any. So Thomas is not entitled to a sentence reduction.

## Conclusion

Because Marcus Richard Thomas has no status points to reduce under Amendment 821, **IT IS THEREFORE ORDERED** that his motion for a sentence reduction under Amendment 821 **[ECF No. 49] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
October 29, 2024

---

[9] Presentence Investigation Report at 19.